UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JADE KING,**

    **Plaintiff,**

vs.                                    **CASE NO.:**

**MARK HUBBARD and**
**HUBBARD'S SEA ADVENTURES, INC,**

    **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, JADE KING (hereinafter referred to as "**Plaintiff**"), by and through her undersigned counsel, hereby sues the Defendants, MARK HUBBARD and HUBBARD'S SEA ADVENTURES, INC, and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Indiana and citizens of Florida and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. At all times material hereto, plaintiff, JADE KING, was a citizen of the State of Indiana.

1

3. At all times material hereto, Defendant, MARK HUBBARD, was a citizen of the State of Florida.

4. At all times material hereto, Defendant, HUBBARD'S SEA ADVENTURES, INC., was a Florida Profit Corporation with its principal place of business in Pinellas County, Florida.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district and all defendants reside in Florida and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. All conditions precedent to bringing this action have been met by the Plaintiff or otherwise waived by the Defendants.

## **GENERAL FACTUAL ALLEGATIONS**

7. On or about April 1, 2021, the Plaintiff was a pedestrian in Pinellas County, Florida.

8. On or about April 1, 2021, MARK HUBBARD was the operator of a certain 2014 Ford F-150 with vehicle identification number, 1FTFW1CT6EFA59370 ("the Vehicle").

9. At all times material hereto, HUBBARD'S SEA ADVENTURES, INC was the owner or co-owner of the Vehicle.

10. On or about April 1, 2021, in Pinellas County, Florida, MARK HUBBARD negligently operated the Vehicle such that it caused him to collide with the Plaintiff pinning the Plaintiff between the Vehicle and an unrelated vehicle.

11. Law enforcement was called and deputies from the Pinellas County Sheriff's Office responded to the scene.

12. MARK HUBBARD was cited for Careless Driving in violation of Florida Statutes § 316.1925 and D.U.I. - Driving Under the Influence (Misdemeanor) in violation of Florida Statutes § 316.193(1).

13. As a result of the collision described above, Plaintiff suffered injuries, including a partial tear of a ligament in her knee, for which she has sought and continues to seek medical treatment.

14. Because he was driving under the influence, MARK HUBBARD is guilty of intentional misconduct and/or gross negligence, therefore Plaintiff is entitled to punitive damages under Chapter 768 of the Florida Statutes.

## COUNT I – AUTO NEGLIGENCE
## JADE KING V. MARK HUBBARD

15. Plaintiff incorporates and re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. MARK HUBBARD owed the Plaintiff the duty to operate his automobile in a careful and prudent manner so as to not collide with Plaintiff.

17. MARK HUBBARD carelessly and negligently operated his automobile in a manner that caused the collision with the Plaintiff, and thereby breached the duty MARK HUBBARD owed to the Plaintiff.

18. As a direct and proximate result of the negligence of the MARK HUBBARD, the Plaintiff suffered a significant permanent loss of an important bodily function and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.

19. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

20. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability other than scarring or disfigurement and has otherwise met the tort threshold outlined in Florida Statute §627.737. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not payable by Personal Injury Protection (No-Fault Benefits).

WHEREFORE, the Plaintiff, JADE KING, sues the Defendant, MARK HUBBARD, for compensatory damages, punitive damages, and costs, plus any other such relief the Court deems just and proper.

### COUNT II: VICARIOUS LIABILITY
### JADE KING v. HUBBARD'S SEA ADVENTURES, INC

21. Plaintiff incorporates and re-alleges paragraphs 1 through 14 as though fully set forth herein.

22. As owner or co-owner of the 2014 Ford F-150 that Defendant, MARK HUBBARD, operated at the time of the incident, Defendant, HUBBARD'S SEA ADVENTURES, INC, is vicariously liable for Defendant, MARK HUBBARD's negligence under Florida's Dangerous Instrumentality laws.

23. At all times material hereto, Defendant, HUBBARD'S SEA ADVENTURES, INC, was the owner of the vehicle operated by Defendant, MARK HUBBARD, on or about April 1, 2021.

24. At all times material hereto, Defendant, MARK HUBBARD, operated the vehicle on or about April 1, 2021, with Defendant, HUBBARD'S SEA ADVENTURES, INC's permission.

25. That Defendant, HUBBARD'S SEA ADVENTURES, INC, is vicariously liable for the careless and negligent actions of Defendant MARK HUBBARD.

26. Therefore, Defendant, HUBBARD'S SEA ADVENTURES, INC, is liable for the direct and proximate result of the negligence of Defendant, MARK HUBBARD.

27. The Plaintiff suffered a significant permanent loss of an important bodily function and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.

28. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

29. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability other than scarring or disfigurement and has otherwise met the tort threshold outlined in Florida Statute §627.737. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not payable by Personal Injury Protection (No-Fault Benefits).

WHEREFORE, the Plaintiff, JADE KING, sues the Defendant, HUBBARD'S SEA ADVENTURES, INC., for compensatory damages, punitive damages, and costs, plus any other such relief the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

    Respectfully Submitted by,

    */s/Sam Y. Badawi, Esq.*
    **SAM Y. BADAWI, ESQUIRE**
    Florida Bar Number: 120218
    Sam@badawilaw.com
    Pleadings@badawilaw.com
    **BADAWI LAW**
    14505 University Point Place
    Tampa, Florida 33613
    Phone: (813) 508-8808
    Fax: (813) 644-7152

    *Attorney for Plaintiff*