UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JADE KING,

      Plaintiff,

v.                                                                            Case No. 8:23-cv-628-MSS-SPF

MARK F. HUBBARD and HUBBARD'S
SEA ADVENTURES, INC.,

      Defendants.
_____/

## **ORDER**

      This cause comes before the Court upon Plaintiff's Motion to Compel Financial Worth Discovery (Doc. 26).  Defendants have not responded to the motion, and the time to do so has expired.  *See* L.R. 3.01(c), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service).  Therefore, the motion is deemed unopposed.  *See id.* ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

      Plaintiff asks the Court to overrule Defendants' objections and compel Defendants to provide better responses to (1) Plaintiff's Financial Interrogatories to Defendant Mark Hubbard ("Hubbard") (Doc. 26-1); (2) Plaintiff's Financial Interrogatories to Defendant Hubbard's Sea Adventures, Inc. ("HSA") (Doc. 26-2); (3) Plaintiff's Financial Request to Produce to Defendant Hubbard (Doc. 26-3); and (4) Plaintiff's Financial Request to Produce to Defendant HSA (Doc. 26-4).  Plaintiff also asks the Court to compel production of the requested documents.

Plaintiff's financial worth discovery requests seek various categories of financial information and documents dating from April 1, 2021 to the present. In his responses to Plaintiff's requests, Defendant Hubbard objected to these requests "on the grounds that the time scope exceeds three (3) years and is therefore overbroad, as only current financial documents are relevant to a claim for punitive damages." (Doc. 26 (citing *Alexander v. Allen*, No. 2:13-cv-885-FtM-29CM, 2014 WL 3887490 (M.D. Fla. Aug. 7, 2014)). Notably, Defendant Hubbard served his discovery responses on August 12, 2024 (Docs. 26-1, 26-3). As a result, the requests sought three years and four months of financial worth discovery. Moreover, despite only objecting to the scope of these requests as overbroad by a period of four months, Defendant Hubbard did not agree to answer the interrogatories or produce documents for a more limited time period. *See* Middle District Discovery (2021) at III.A.9. ("Rule 34, Federal Rules of Civil Procedure, requires that if a request for production is objectionable only in part, production should be afforded with respect to the unobjectionable portions of the request."); *id.* at IV.A.1. (stating that interrogatories should be answered fully "unless the respondent objects, in which event the party objecting shall state with specificity the reasons for objection and shall answer to the extent the interrogatory is not objectionable").

Defendant HSA, on the other hand, objected to each of Plaintiff's financial worth discovery requests "on the grounds that there is no basis for a claim of punitive damages against this Defendant as the sole count of the Complaint directed to this Defendant is based on a state law substantive theory of vicarious liability, based on the Defendant's status as the owner of the vehicle operated by the alleged tortfeasor, and/or the employer of the alleged tortfeasor. Only when a Plaintiff pleads specific acts committed by a defendant which would

provide a reasonable basis for a punitive damages claim is financial discovery proper." (Doc. 26 (citing *A.M. ex rel. Malcolm v. Bayfront HMA Med. Ctr., LLC*, No. 8:18-cv-2398-JSM-SPF, 2022 WL 17417011 (M.D. Fla. Dec. 5, 2022)). In her motion, Plaintiff notes that Defendant Hubbard is the CEO and sole owner of Defendant HSA, and, as a result, HSA may be liable for punitive damages under a theory of either direct liability or vicarious liability (Doc. 26 at 17–18).

Thus, neither Defendant provided a response to a single interrogatory or produced a single document in response to Plaintiff's requests. As such, Plaintiff filed this Motion to Compel. As Defendants have not opposed the Motion to Compel, the Motion is granted. Defendants shall serve Plaintiff with the requested interrogatory responses, responses to requests to produce, and responsive documents within 14 days of this Order.

Plaintiff also requests that the Court sanction Defendants. Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).[1] The Court must not order payment of attorney's fees if: "(i) the movant filed the motion before

---

[1] An "opportunity to be heard" in this context includes written submissions. *See* Fed. R. Civ. P. 37(a) advisory committee's note to 1993 amendment (stating that "the phrase 'opportunity for hearing' is changed to 'after affording an opportunity to be heard' to make clear that the court can consider such questions on written submissions as well as on oral hearings"); *see also Inland Assets, LLC v. Bank of NY Mellon*, No. 6:21-cv-443-LRH, 2021 WL 2828263, at *2 (M.D. Fla. May 10, 2021) ("Plaintiff has had an opportunity to respond, and by its silence has failed to demonstrate any reason why sanctions should not be awarded."); *Holland v. Westside Sportsbar & Lounge, Inc.*, No. 6:19-cv-945-41GJK, 2020 WL 7390722, at *1 (M.D. Fla. Mar. 25, 2020) (awarding attorney's fees where Defendant failed to respond to Plaintiff's motion to compel).

attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 F. App'x 390, 392 (11th Cir. 2009). "The burden of establishing substantial justification is on the party being sanctioned." *Sigurdsson v. DiCarlantonio*, No. 6:12-cv-920-Orl-TBS, 2013 WL 5954740, at *2 (M.D. Fla. Nov. 7, 2013). Strict adherence to Rule 37 serves to thwart "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). As such, "sanctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). In the end, the Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Here, the Court finds that Plaintiff is entitled to an award of attorney's fees incurred in preparing her Motion to Compel. Plaintiff represents that she attempted in good faith to resolve the issues raised in the Motion prior to filing, and by failing to respond, Defendants have not contradicted this assertion. Defendants' actions were not substantially justified. Again, by failing to respond to Plaintiff's Motion, Defendants could not have met their burden of establishing substantial justification. Finally, there are no circumstances present that would make an award of expenses unjust. Defendants had an opportunity to be heard and chose not to file a response to Plaintiff's Motion. Pursuant to Rule 37(a)(5)(A), Defendants shall

pay the reasonable costs and attorney's fees incurred by Plaintiff in preparing her Motion (Doc. 26).

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Compel Financial Worth Discovery (Doc. 26) is **GRANTED**. Defendants shall serve Plaintiff with the requested interrogatory responses, responses to requests to produce, and responsive documents within 14 days of the date of this Order. Defendants shall pay the reasonable costs and expenses incurred by Plaintiff in preparing her Motion to Compel Financial Worth Discovery (Doc. 26).

**ORDERED** in Tampa, Florida, October 31, 2024.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE