UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No: 8:23-cv-628-MSS-SPF

JADE KING,
    Plaintiff,

v.

MARK F. HUBBARD and
HUBBARD'S SEA ADVENTURES, INC.,
    Defendants.
_____ /

**PLAINTIFF'S *AMENDED* MOTION FOR FURTHER SANCTIONS AND PLAINTIFF'S MOTION FOR DEFAULT PURSUANT TO RULE 37(b)(2)**

Plaintiff, JADE KING ("Plaintiff"), serves this Motion for Further Sanctions and Motion for Default Pursuant to Rule 37(b)(2):

Plaintiff seeks to obtain a default against Defendants for Defendants' violations of Orders of this Court. Under Rule 37(b) of the Federal Rules of Civil Procedure, this Court is authorized to issue sanctions for failure to obey an order.

On September 23, 2024, Plaintiff served Plaintiff's Motion to Compel Financial Worth Discovery. [DE 26]. On October 31, 2024, the Court granted Plaintiff's Motion. [DE 30]. Within, the Magistrate Flynn ordered as follows:

> **ORDERED:**
>
> Plaintiff's Motion to Compel Financial Worth Discovery (Doc. 26) is **GRANTED**. Defendants shall serve Plaintiff with the requested interrogatory responses, responses to requests to produce, and responsive documents within 14 days of the date of this Order. Defendants shall pay the reasonable costs and expenses incurred by Plaintiff in preparing her Motion to Compel Financial Worth Discovery (Doc. 26).
>
> **ORDERED** in Tampa, Florida, October 31, 2024.

[DE 30, p. 5].

Pursuant to that Order, the "requested interrogatory responses, responses to requests to produce, and responsive documents" were required to be served on Plaintiff on or before November 14, 2024. Defendants failed to do so.

Instead, on November 15, 2024, the Defendants served Amended Responses to Plaintiff's Requests to Produce. The Amended Responses are attached as **Composite Exhibit "1."** Importantly, only the tax returns and profit and loss statements were produced by Defendants.[1] There are categories upon categories of documents that are missing – financial statements, assets, etc. Instead, the Defendants state within that they will make certain documents "available for Plaintiff's inspection and copying at a mutually agreeable time and place," as if this Court did not specifically require that they be produced by a date certain. [DE 30]. Additionally, the Defendants have wholly failed to serve amended interrogatory answers. This demonstrates willful and deliberate noncompliance.

### A. The Sanction of Default Judgment Against Defendants is Supported by Rule 37(b)(2)(A).

Under Rule 37(b) of the Federal Rules of Civil Procedure, this Court may issue sanctions for failure to obey an order to provide or permit discovery. Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders, including default judgment. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The decision to enter default judgment may be issued "if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986). Evidenced by Defendants' repeated failures to follow the federal

---

[1] This *Amended* Motion is being served because the original Motion indicated that "no documents were produced." Defense counsel later made the undersigned aware via e-mail that *some* production occurred. Specifically, a link containing tax returns and profit and loss statements was sent. The original Motion is, thus, being amended to accurately reflect that. However, Plaintiff maintains her position that production is not complete.

and local rules, Defendants have created a pattern of disrespectful conduct to this Court, to Plaintiff, and to Plaintiff's counsel. The Court has broad discretion in formulating civil contempt sanctions and its "civil contempt power is measured solely by the requirements of full remedial relief." *U.S. v. City of Miami*, 195 F.3d 1292 (11th Cir. 1999).

Rule 37(b)(2)(A) provides:

(2) Sanctions Sought in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> (iv) staying further proceedings until the order is obeyed;
>> (v) dismissing the action or proceeding in whole or in part;
>> (vi) rendering a default judgment against the disobedient party; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*See* Fed. R. Civ. P. 37(b)(2)(A).

It is well established that parties may be held in contempt for failure to abide discovery orders. *U.S. v. One 1999 Forty Seven Foot Fountain Motor Vessels*, 240 F.R.D. 695, 698 (S.D. Fla. 2007). The sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Id.*, *citing Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir.1999).

The Supreme Court has ruled that the purpose of Rule 37(B)(2)(c) is not merely to penalize those whose conduct may be deemed to warrant such sanction, but to deter those who might be tempted to such conduct in absence of such deterrent. *National Hockey League*, 427 U.S. at 643. The extensive sanctions available to courts under Rule 37 for failure to comply with discovery

orders are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process. *One 1999 Forty Seven*, 240 F.R.D. at 698. As stated by the Supreme Court in *Gompers v. Buck's Stove & Range,* 221 U.S. 418, 450 (1911), "the power of courts to punish for contempt is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law."

In order to obtain a default against Defendants for their failures to abide by the Orders of this Court under Rule 37, Plaintiffs must make a prima facie showing that the other party violated the court's discovery order, and Defendants must subsequently prove that it was impossible to comply in order to avoid sanctions. *Id.*, *citing In re Chase & Sanborn Corp. et. al.*, 872 F.2d 397 (11th Cir.1989). Furthermore, the non-moving party must show that all reasonable efforts were made to comply with the court's order. *Id.*, *citing United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir.1976). The non-moving party cannot prove impossibility to comply with the discovery order through mere assertions. *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.1984).

Here, Defendants simply have not complied with the discovery process or with this Court's Order. Plaintiff **requires** this discovery to prove her claim for punitive damages in front of a jury. The discovery at issue was served on June 11, 2024. [DE 26-3; DE 26-4]. For the past five (5) months, Plaintiff's valid discovery requests have been met with frivolous objections and obstruction. Now, Defendants have willfully violated this Court's Order. There simply is nothing that can be done other than sanction Defendants for this behavior.

**B. The Court Should Additionally Restrict Defendants' Evidence and Argument and Deem Plaintiffs' Claims Established.**

Although a default should be entered, Plaintiff is still required to prove punitive damages at trial. Even a default *still* provides Defendants with a windfall and an advantage because Plaintiff still does not possess the evidence that she needs to prove her claim for punitive damages. Thus, Plaintiff requests that this Court to enter an order pursuant to Rule 37(b)(2)(A) establishing the

matters addressed in Plaintiffs' unanswered discovery, and prohibiting Defendants' use of any information withheld through discovery.

Rule 37(b)(2)(A)(i) provides that if a party fails to obey an order or permit discovery, the Court may "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Rule 37(b)(2)(A)(ii) provides that the Court may also "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

This Court should Order that Plaintiff's claims for punitive damages are established, pursuant to Rule 37(b)(2)(A)(i). This Court should additionally enter an Order restricting presentation of any evidence or argument by Defendants against Plaintiff's claims for punitive damages, pursuant to Rule 37(b)(2)(A)(ii). Finally, the Court should instruct the jury in this case that the Defendants have the financial wherewithal to pay any punitive damages award and that Defendants be restricted from presenting any evidence or argument to the contrary. Without these specific items being ordered, Plaintiff is prejudiced and Defendants still maintain an advantage by withholding documents.

### C. Plaintiff Requests Additional Attorneys Fees and Costs as a Sanction.

Plaintiff seeks to recover additional attorneys' fees expended in connection with Defendants' noncompliance with this Court's Order. Rule 37(b)(2)(C) provides:

> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

This Court has already sanctioned Defendants. [DE 30]. Plaintiff requests further sanctions for having to continue to file these motions. *See One 1999 Forty Seven*, 240 F.R.D. at 698, *citing National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49

L.Ed.2d 747 (1976). The purpose of this rule is to compensate the court and the parties and to deter abuse of the discovery process. *One 1999 Forty Seven*, 240 F.R.D. at 698. Based on Defendants' flagrant disregard of the Court's Order in this case, such a penalty is proper here. For these reasons, Plaintiff requests that Defendants be ordered to pay Plaintiff's reasonable attorney fees in connection with Defendants' discovery abuses and violations of this Court's Orders.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant this Motion and afford Plaintiff the following relief:

a. Enter a default judgment against Defendants pursuant to Rule 37(b)(2)(A).

b. Ordering that Plaintiff's claims for punitive damages are established, pursuant to Rule 37(b)(2)(A)(i).

c. Restricting the presentation of any evidence or argument by Defendants against Plaintiff's claims for punitive damages, pursuant to Rule 37(b)(2)(A)(ii).

d. That the Court instruct the jury in this case that the Defendants have the financial wherewithal to pay any punitive damages award and that Defendants be restricted from presenting any evidence or argument to the contrary, pursuant to Rule 37(b)(2)(A)(i)-(ii).

e. Ordering Defendants to pay Plaintiff's reasonable attorney's fees, pursuant to Rule 37(b)(2)(C).

**Date**: November 15, 2024.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that I conferred with the opposing party in good faith to resolve or narrow the issues herein. Specifically, Robert Johnson, Esq. conferred with defense counsel, Jonathan Zaifert, via telephone on November 15, 2024, at 9:38 a.m. The parties were not able to agree on the relief requested herein, necessitating the filing of this Motion.

Respectfully submitted,

                **PIKE & LUSTIG LLP**
                ***/s/ Daniel Lustig*_____**
                Daniel Lustig, Esq.
                Florida Bar No.: 59225
                Robert C. Johnson, Esq.
                Florida Bar No.: 116419
                1209 North Olive Avenue
                West Palm Beach, FL 33401
                Phone: (561) 855-7585
                Facsimile: (561) 855-7710
                Email: pleadings@pikelustig.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF on this 15th day of November 2024.

                ***/s/ Daniel Lustig***
                Daniel Lustig, Esq